NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUMINA HEALTH PRODUCTS, INC.,<br><br>Defendant. | Civil Action No. 13-04936 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

    This matter comes before the Court upon the motion of Plaintiff Harold M. Hoffman, Esq. ("Plaintiff"),[1] to remand this putative class action to the Superior Court of New Jersey. [Docket Entry 5.] Defendant Lumina Health Products, Inc. ("Defendant") has opposed the motion. [Docket Entry 8.] Pursuant to Federal Rule of Civil Procedure 78, the Court will rule on the papers submitted, and without oral argument. For the reasons that follow, Plaintiff's motion will be denied.

**I.    Background**

    This consumer fraud class action lawsuit involves allegedly "false and misrepresented claims of product efficacy" made by Defendant about a dietary supplement called Cell Food. (Compl. at 1-2.) Plaintiff is a citizen of New Jersey with residence in Bergen County. He is also an attorney and has appointed himself as class counsel. Plaintiff alleges, essentially, that

---

[1] This Court will use "Plaintiff" in the singular. The captioned Plaintiff is "Harold M. Hoffman, individually and on behalf of those similarly situated."

Defendant, a Florida corporation, made "blatant misrepresentations" regarding the effectiveness of Cell Food, which Plaintiff alleges duped him and all nationwide purchasers of Cell Food into buying the product with the belief that it was "effective in delivering improved energy, endurance and health." (See Compl. ¶ 11.) Plaintiff's class action Complaint, originally filed in state court, seeks treble and punitive damages for violation of the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. 56:8-1 to -195. The proposed class consists of "all consumers throughout the United States who purchased Cell Food." (Compl. ¶ 35.) The Complaint, however, expressly limits the overall "amount in controversy" to less than $5 million. (Compl. ¶ 30.)

On August 15, 2013, the lawsuit was removed to this Court pursuant to the diversity jurisdiction conferred by the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d). According to Defendant, the Court may exercise CAFA jurisdiction here because this suit is a class action brought on behalf of a nationwide class, there is "minimal diversity," and the "aggregate value of the amount in controversy based on Plaintiff's allegations exceeds [$5 million]." (See Notice of Removal ¶ 12.) Presently before the Court is Plaintiff's motion to remand the case to the Superior Court of New Jersey.

## II.     Legal Standard

Pursuant to 28 U.S.C. § 1447(c), remand to state court is required where "it appears that the district court lacks subject matter jurisdiction." Here, the Court exercises jurisdiction pursuant to CAFA, which vests original jurisdiction in the federal district courts to hear "class action" lawsuits in which the proposed class has at least 100 members, "the parties are minimally diverse," and "the matter in controversy exceeds the sum or value of $5,000,000." Standard Fire

Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)).[2]
To "determine whether the matter in controversy" exceeds the $5 million jurisdictional threshold a district court must aggregate "the claims of individual class members." § 1332(d)(6). In other words, CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." Knowles, 133 S. Ct. at 1348.

When a class action complaint expressly disclaims the ability to recover the $5 million jurisdictional amount, the Third Circuit instructs that the burden is on defendant to prove "to a legal certainty that plaintiff can recover" that amount. See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (citing Morgan v. Gay, 471 F.3d at 469, 474 (3d Cir. 2006)). The concept of legal certainty is not well defined, but falls somewhere below "absolute certainty" and above "preponderance of the evidence." See Stephenson v. Consol. Rail Corp., No. 13-cv-721 (RBK), 2013 WL 1740005, at *2 (D.N.J. Apr. 23, 2013) (quoting, *inter alia*, Nelson v. Keefer, 451 F.2d 289, 293 n.6 (3d Cir. 1971)). A court examines both "the dollar figure offered by the plaintiff" and plaintiff's "actual legal claims" to determine whether "the amount in controversy exceeds the statutory threshold." See Morgan, 471 F.3d at 474-75.

## III. Discussion

In essence, Plaintiff's motion for remand argues that CAFA's jurisdictional threshold cannot be met here because this putative nationwide class action has $29.95 in controversy. It is Plaintiff's belief that his dual role as class counsel and class plaintiff renders the present suit "non-class certifiable" in the Third Circuit and, as such, Plaintiff's alleged individual damages cannot be aggregated to satisfy CAFA's $5 million jurisdictional threshold. (Mov. Br. at 2, 5

---

[2] The class size and minimal diversity requirements are not contested here.

3

(citing Kramer v. Scientific Control Corp., 534 F.2d 1085, 1090 (3d Cir. 1976)).) Defendant counters that whether or not Plaintiff has drafted a class-action Complaint that may at some point in time fail a Rule 23(a) class certification analysis is irrelevant to a determination of whether that Complaint triggers CAFA jurisdiction. (Opp. Br. at 5-6.) As such, Defendant argues that the $5 million jurisdictional threshold is satisfied once the individual claims of proposed class members are aggregated.

Plaintiff's argument is perplexing. To read his Complaint, this case concerns the fraudulent marketing and distribution of Defendant's Cell Food product to "thousands of consumers throughout the United States" (Compl. ¶ 31); Plaintiff, who himself has allegedly suffered at least $29.95 in damages from his purchase of Cell Food, just happens to be one of those consumers. According to the Complaint, at least, this is exactly the type of case CAFA is intended to address. See Knowles, 133 S. Ct. at 1350 ("CAFA's primary objective" is "ensuring . . . [f]ederal court consideration of interstate cases of national importance."). But to read Plaintiff's motion papers, this case is no more than an individual consumer fraud action with $30 (or trebled, $90) at stake, (Mov. Br. at 1), a damages figure that is substantially less than what it costs to file a civil complaint in New Jersey Superior Court. See State of New Jersey, Court Fees, available at http://www.judiciary.state.nj.us/forms/courtfees.pdf. Something does not compute.

The confusion appears to arise from a fallacy in Plaintiff's argument. According to Plaintiff, the nature of a putative class action lawsuit somehow changes the moment the suit is removed from state court to federal court. (See Mov. Br. at 3 ("Upon removal, class certification was rendered dead on arrival in the [D]istrict of New Jersey.").) An essential part of this

4

argument is the supposition that the CAFA jurisdictional inquiry takes into account events that occur after the initial filing in state court – *e.g.*, removal and class certification. But the actual inquiry is the exact opposite. See Knowles, 133 S. Ct. at 1349 ("For jurisdictional purposes, our inquiry is limited to examining the case 'as of the time it was filed in state court.'" (quoting Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 390 (1998))). The act of removing the lawsuit to this Court is of no moment to the Court's jurisdictional analysis.

Plaintiff's argument also fails for a more basic reason. CAFA itself expressly defines "class members" for purposes of the jurisdictional calculation to include those persons "who fall within the definition of the proposed or certified class." 28 U.S.C. § 1332(d)(1)(D). It would thus run contrary to the plain language of the statute to only aggregate, as Plaintiff suggests, the claims of the members who might end up in the as-of-yet certified (or not certified) class, whatever that class may end up being (or not being). In short, Plaintiff's argument reads "proposed" out of § 1332(d)(1)(D). This Court, as the Supreme Court did in Knowles, interprets § 1332(d)(1)(D) to mean what it says: a "District Court" applying the statute before a motion for class certification is filed "aggregate[s] proposed class members' claims." See 133 S. Ct. 1345 at 1350. Whatever may come out of a motion for class certification is another question for another day. At present, however, remand is inappropriate if Defendant can show "to a legal certainty" that the individual claims of all proposed class members aggregate to more than $5 million.[3]

---

[3] Plaintiff cites to some authority from the District of New Jersey that he asserts supports his position. To the extent that any of the cases cited state that a District Court cannot exercise CAFA jurisdiction where the class is not certified, those cases contemplate a situation where the Court has already denied a motion for class certification. See, e.g., Rivera v. Wa. Mut. Bank, 637 F. Supp. 2d 256, 263 (D.N.J. 2009) ('in the event that no class is certified and the Court must dismiss the case for lack of jurisdiction"); Atlass v. Mercedes-Benz USA, LLC, No. 07-2720 (DRD), 2007 WL 2892803, at *1 n.1 (D.N.J. Sept. 25, 2007) (exercising CAFA jurisdiction in deciding motion to dismiss but noting jurisdiction will be lost "if a class cannot be certified").

The Court finds that Defendant has made the requisite showing. Estimating the actual aggregate losses of the individuals in the proposed class is a "relatively straightforward" process where, as is the case here, Plaintiff brings suit requesting treble damages under the CFA. See Hoffman v. Natural Factors Nutritional Prods., No. 12-7244 (ES), 2013 WL 5467106, at *6 (D.N.J. Sept. 30, 2013). Plaintiff proposes a class that consists of "all nationwide purchasers of Cell Food for the two-year period preceding" July 11, 2013, the date the suit was filed. (Compl. ¶ 30.) Plaintiff further alleges damages in the form of the "substantial difference between the price paid by consumers, including plaintiff, for the Defendant's product" and the actual value of the Cell Food, which Plaintiff alleges is negligible. (Compl. at ¶¶ 26, 29.) Defendant submits affidavit evidence that in the two-year period covered by the Complaint, Defendant sold at least $5 million of its Cell Food nationwide. (Notice of Removal, Ex. B., at 2.) In other words, Plaintiff pleads that the actual loss suffered by the proposed nationwide class is the money forked over to purchase Cell Food, and Defendant submits evidence that gross nationwide sales of the product are at least $5 million. Combined with Plaintiff's demand for treble damages, (see Compl. ¶¶ 42-44), which are recoverable under the CFA, see N.J. Stat. Ann. 56:8-19, this evidence is sufficient to prove "to a legal certainty" that the claims of the proposed class exceed $5 million in the aggregate. Frederico, 507 F.3d at 197. As such, this Court may properly exercise CAFA jurisdiction, and Plaintiff's motion to remand is denied.

**IV.    Conclusion**

For the foregoing reasons, the Court denies Plaintiff's motion to remand [Docket Entry 5]. An appropriate Order accompanies this Opinion.

s/ Stanley R. Chesler
                                            STANLEY R. CHESLER
                                            United States District Judge


Dated: October 24, 2013