## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated, | : : : | **Civil Action No. 13-04936 (SRC)** |
| Plaintiff, | : : | |
| v. | : : | **OPINION** |
| LUMINA HEALTH PRODUCTS, INC. | : : | |
| Defendant. | : : : : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendant Lumina Health Products, Inc. ("Defendant") for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). [Docket Entry 13.] The motion was returnable on December 2, 2013, and thus, pursuant to Local Civil Rule 7.1(d), opposition to the motion was due on or before November 18, 2013. On November 17, 2013, Plaintiff Harold M. Hoffman, Esq. ("Plaintiff") filed a request, pursuant to Local Civil Rule 7.1(d)(5), to automatically adjourn Defendant's motion date to December 16, 2013, and thus his opposition date to December 2, 2013. [Docket Entry 15.] Despite this request, Plaintiff did not oppose the motion but rather, by letter dated and filed November 27, 2013, informed the Court that he does not intend to oppose the motion. [Docket Entry 16.] In what can only be characterized as a misguided attempt at magnanimity, Plaintiff stated that he "can discern no justification for occupying the resources of the Court" because this

Court lacks subject matter jurisdiction over the action.[1]  To date, Plaintiff has not filed an opposition.

In light of Plaintiff's express statement that he will not oppose the motion for judgment on the pleadings because he feels that the case must be remanded, and his continuing failure to oppose the motion despite the Court's determination otherwise, the Court construes Plaintiff's conduct as a failure to prosecute this action.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b), the Court will grant Defendant's motion.

The Court also recognizes Defendant has requested that Plaintiff pay the costs and fees associated with opposing the remand motion and filing the motion for judgment on the pleadings.  [Docket Entry 17.]  The Court will deny this request.  The Court cannot conclude that Plaintiff's argument in support of remand was specious or frivolous, as the Third Circuit has yet to issue direct guidance on the legal issues raised by Plaintiff and this Court is not bound by the decisions of other judges in this District.  Defendant also argues that because an Answer was filed after the remand motion was denied, Plaintiff would be required under Rule 41(a) to obtain Defendant's consent before voluntarily dismissing this action, which Defendant would not provide unless Plaintiff agreed to pay costs and fees.  It is unclear why Defendant chose to

---

[1] Plaintiff had filed a motion to remand this action shortly after Defendant removed the case from the Superior Court of New Jersey pursuant to the Class Action Fairness Act ("CAFA").  The Court denied the remand motion by Order dated October 24, 2013.  Plaintiff's November 27 letter, while expressly disclaiming that it is doing so, attempts to reargue the merits of the remand motion.  To this end, Plaintiff cites Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co., 559 U.S. 393 (2010), and County of Nassau, N.Y.  v. Hotels.com, LP, 577 F.3d 89 (2d Cir. 2009).  Shady Grove was a case filed in federal court that examined the interplay of federal Rule 23 and New York's Civil Practice Law and Rules.  See 559 U.S. at 397-98.  Its principles are not applicable here.  To the extent the reasoning applied in County of Nassau is inconsistent with the Court's Order, the Court declines to adopt the Second Circuit's analysis for the reasons set forth by Judge Standish in Lewis v. Ford Motor Co., 685 F. Supp. 2d 557, 565 & n.10 (W.D. Pa. 2010) ("We also find the . . . analysis in County of Nassau inconsistent with general CAFA case law which assumes that a court has jurisdiction based on the allegations of the complaint alone when the case is originally filed . . . .").

concurrently file an Answer and Rule 12(c) motion based on failure to state a claim – as opposed to just filing a motion to dismiss pursuant to Rule 12(b)(6) – if not to deliberately put Plaintiff in the exact position that Defendant now complains of.  See Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142, 146-47 (3d Cir. 2013) ("a motion for judgment on the pleadings based on" failure to state a claim and a Rule 12(b)(6) motion are "reviewed under the same standards").  In all events, however, Defendant has failed to provide sufficient grounds for this Court to compel Plaintiff to pay the fees and costs associated with this matter, and Defendant's request will therefore be denied.

An appropriate form of Order accompanies this Opinion.


____s/ Stanley R. Chesler____
STANLEY R. CHESLER
United States District Judge


Dated: December 17th, 2013